FILED
DALLAS COUNTY
8/28/2017 4:55 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

CAUSE NO. DC-17-10987

| | | |
|---|---|---|
| GEORGE R. JONES, JR., TRUSTEE OF MID SKY, LLC, <br> PLAINTIFF, | § § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | DALLAS COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE COMPANY; AND MICHAEL HERISHEN, <br> DEFENDANTS | § § § § § | ____th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GEORGE R. JONES, JR., TRUSTEE** (hereinafter, referred to as Plaintiff), and files this, its **Original Petition**, and for causes of action against **LIBERTY MUTUAL INSURANCE COMPANY ("LIBERTY"); AND MICHAEL HERISHEN ("HERISHEN")**; (hereinafter, referred to as "Defendants"), would show unto the Court and the jury the following:

A. **DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under **Level 3** of Tex.R.Civ.P.190.

B. **PARTIES AND SERVICE OF PROCESS**

2. Plaintiff owns the properties that are the subject of this lawsuit and are situated at 2415 Midway Rd. and 3235 Skylane Dr., Carrollton, Texas 75006, **Dallas** County (hereinafter George R. Jones, Jr., Trustee).

3. Defendant, **LIBERTY** is an insurance company registered to engage in the business of insurance in the state of Texas. This Defendant may be served with personal service by a process server, <u>by serving the Registered Agent, **Corporation Service Company** at 211 East 7th Street, Suite 620, Austin, Texas 75201 or wherever</u> the company or Registered Agent may be found.

1

**EXHIBIT C-1**

4. Defendant, **MICHAEL HERISHEN**, is an individual and property adjuster on behalf of Defendant, **LIBERTY**. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiff's wind/hail claim. Defendant may be served with personal service by a process server, by serving him at **8 Little Oaks Ct., O Fallon, MO 63368-6122, or wherever he may be found**.

### C. STATUTORY AUTHORITY

5. This suit is being brought in part, under the Tex. Bus. & Comm. Code, Sec. 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act, and cited in this Petition as "DTPA". This suit is also brought in part, under the Texas Insurance Code, Chap. 541.151 *et seq.*, Chap. 541.051 *et seq.*, Chap. 542.051 *et se.*, and Tex. Civ. & Rem. Code §38.01 *et seq.*

### D. JURISDICTION

6. The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court; Plaintiff seeks monetary relief over $1,000,000.00 and demand for judgment for all the other reliefs to which the parties deems itself entitled.

7. The Court has jurisdiction over Defendant, **LIBERTY**, because Defendant engages in the business of insurance in the state of Texas and the causes of action arise out of Defendant's business activities in the state of Texas.

8. The Court has jurisdiction over Defendant, **HERISHEN**, because he is an individual and estimator/property adjuster on behalf of Defendant, **LIBERTY**. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiff's wind/hail storm claim.

### E. VENUE

9. Venue for this suit for breach of a written contract is permissive in {Dallas County under Texas Civil Practice & Remedies Code section 15.035(a) because this county was identified as the county wherein the insured property is located and the place for an obligation under the contract to be performed pursuant to the first party property insurance contract referenced herein.

### F. NOTICE AND CONDITIONS PRECEDENT

10. Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages and expenses in the manner and form required.

11. All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendants.

### G. FACTS

12. This lawsuit arises out of the following transactions, acts, omissions, and/or events.

13. The Plaintiff's properties were severely damaged by a wind/hail storm occurring on or about October 5, 2014.

14. The Plaintiff submitted a claim to Defendant, **LIBERTY** pursuant to the contract of insurance for damages as a result of wind/hail storm.

15. Defendant, **LIBERTY** acknowledged Plaintiff's claim and assigned a claim number of **X80A-009709.**

16. Defendant, **LIBERTY**, assigned Defendant, **HERISHEN**, to properly investigate and evaluate the claim. The property was inspected and was estimated

covered damages at $51,527.00, minus deductible, **LIBERTY** issued a check of $1,527.00.

17. Plaintiff retained the services of Grasso Public Adjusters to assist Plaintiff with determining the scope and amount of claim and to represent Plaintiff in negotiations with LIBERTY.

18. Grasso Public Adjusters determined that the amount of damages resulting from the covered cause of loss that occurred on the Date of Loss (not including damages to the HVAC system) totaled $1,780,196.66;

19. Additionally, Grasso Public Adjusters retained Schlottman's Heating and Air to estimate damages caused by the Covered Loss on the Date of Loss to the HVAC system and Schlottman's Heating and Air estimated total damages to the HVAC system to be $211,967.57.

20. LIBERTY hired an insurance-friendly engineer, who you paid to take an antagonistic role against the Plaintiff and to minimize the damages caused by the covered cause of loss;

21. To date LIBERTY has paid $1,527.00 on this claim.

22. Plaintiff asserts that LIBERTY has breached the contract of insurance and LIBERTY owes actual damages of $1,992,164, plus a reasonable attorney fee (based on contractual agreement with Plaintiff);

23. The claims were not handled for the benefit of the Plaintiff, failed to accomplish the goal of fairly and promptly adjusting the claims, did not adhere to the highest degree of ethical conduct, and material facts, information, and evidence was intentionally concealed despite the fact that the claims were denied based upon the investigation and conclusions that is being concealed. The conduct exhibited by

**LIBERTY and HERISHEN** flies in the face of the public trust and deliberately ignores the responsibility and duty entrusted to the respective firms named herein.

24. As of this date, **LIBERTY** by and through its adjuster **HERISHEN** has failed to pay for the covered wind/hail storm damages to Plaintiff's properties.

25. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the Defendant, **LIBERTY** insurance policy.

26. Defendants, **LIBERTY and HERISHEN**, acting through their agents, servants, representatives and employees have failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

27. Defendants, **LIBERTY and HERISHEN** have failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

28. Defendants, **LIBERTY and HERISHEN**, failed or refused and continue to fail or refuse to pay covered claim on a timely basis as required by the insurance contract and as required by the Texas Insurance Code. Instead, **LIBERTY** has wrongfully delayed or denied claims when liability for coverage under the policy was reasonably clear.

29. In contrast, Plaintiff has cooperated with every request made by Defendants, **LIBERTY and HERISHEN** and has displayed, at reasonable times, all of its relevant records, documents, buildings and contents that are subject of this catastrophic loss.

30. Defendants, **LIBERTY and HERISHEN** have persisted in delay or denial to pay the full amounts due for Plaintiff's claim even though a person of ordinary prudence and care would have done otherwise.

31. No reasonable basis exists for Defendant, **LIBERTY** to delay and/or refuse to provide covered benefits due and owing under the insurance policy in question.

32. No reasonable basis exists for Defendant, **LIBERTY** to delay and/or refuse to pay covered benefits due and owing under the insurance policy in question.

33. Defendants, **LIBERTY and HERISHEN** have misrepresented to Plaintiff that the damages to the property were not due to the covered perils from the wind/hail storm damage of October 5, 2014, even though the damages were caused by covered perils.

34. Defendants, **LIBERTY and HERISHEN** failed to make an attempt to settle the claims in a fair manner, although Defendants, **LIBERTY and HERISHEN** were aware of the liability to the Plaintiff under the policy in violation of Texas Unfair Competition and Unfair Practices Act. Tex. Ins. Code Sec.541§060(2).

35. Defendants, **LIBERTY and HERISHEN**, refused and/or failed to properly evaluate the obvious damages to Plaintiff's property, forcing the Plaintiff to hire its own experts and incur additional expenses.

36. Defendant, **LIBERTY**, after conducting inspections of the damaged insured property and after having received Plaintiff's information regarding the damages, refused and/or failed to pay undisputed monies/funds owed to Plaintiff.

37. Defendant, **LIBERTY**, refused to fully compensate Plaintiff, under the terms of the policy, even though **LIBERTY and HERISHEN**, failed to conduct a

reasonable investigation, in violation of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7).

38. Defendants, **LIBERTY and HERISHEN,** performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. **LIBERTY and HERISHEN,** conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7).

39. Defendants, **LIBERTY and HERISHEN,** failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants, **LIBERTY and HERISHEN,** have delayed full payment of Plaintiff's claims longer than allowed and to date Plaintiff has not yet received full payment for the claims. Defendants, **LIBERTY and HERISHEN** are in violation of the *Texas Prompt Payment of Claims Act.* Tex. Ins. Code. Section 542.055.

40. From and after the time Plaintiff's claims were presented to **LIBERTY,** the liability of **LIBERTY** to pay the full claims in accordance with the terms of the policy was reasonably clear. However, **LIBERTY** have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

41. As a result of Defendants' acts and omissions, Plaintiff was forced to retain the undersigned attorney who is representing Plaintiff in this cause of action.

42. Plaintiff's experience is not an isolated case. The acts and omissions committed by Defendants, **LIBERTY and HERISHEN,** in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of

Defendants, **LIBERTY and HERISHEN,** with regard to handling these types of claims. Defendants, **LIBERTY and HERISHEN's,** entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholders.

### H. <u>CAUSES OF ACTION AGAINST DEFENDANT, LIBERTY -</u>
### <u>COUNT I - BREACH OF CONTRACT</u>

43. Plaintiff incorporates paragraph numbers thirteen through forty-two as though fully stated herein.

44. On May 31, 2014, Plaintiff and Defendant **LIBERTY** executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 2415 Midway Rd. and 3235 Skylane Dr., Carrollton, Texas 75006, Dallas County, from the peril of wind/hail storm damage among other perils. Defendant has a complete copy of the policy in its possession.

45. All damages and loss to Plaintiff's property were caused by a direct result of a peril for which Plaintiff insured pursuant to the policy herein, wind/hail storm damage.

46. Defendant, **LIBERTY** sold this policy insuring the property in it's "as is" condition, insuring the property that is the subject of this lawsuit to Plaintiff.

47. Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the wind/hail storm damage.

48. Plaintiff submitted a claim to Defendant, **LIBERTY** pursuant to the contract of insurance for damages as a result of the wind/hail storm damage.

49. Plaintiff provided Defendant, **LIBERTY**, with proper notice of damage to the exterior and interior of the insured property.

50. Defendant, **LIBERTY** nor anyone of behalf of **LIBERTY** performed any additional inspections of the subject property in order to obtain a second opinion

regarding the wind/hail storm damages. **LIBERTY** ignored the information provided by the public adjuster and chose simply to only rely on its own consultants.

51. **LIBERTY** by and through its adjusters and **HERISHEN** failed to properly evaluate the damages resulting from the covered cause of loss, wind/hail storm.

52. **LIBERTY** by and through its adjusters and **HERISHEN** failed to retain the appropriate experts and/or consultants to evaluate the wind/hail storm damages to the subject property.

53. As of this date, **LIBERTY** by and through its adjusters and **HERISHEN** have failed to pay for the wind/hail storm damages to Plaintiff's property.

54. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the **LIBERTY**, insurance policy.

55. Defendants, **LIBERTY and HERISHEN**, acting through its agents, servants, representatives and employees have failed to properly investigate, evaluate and adjust Plaintiff's claims for benefits in good faith and have further failed to deal fairly with Plaintiff.

56. Defendants, **LIBERTY and HERISHEN** have failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR CLAIMS PRACTICES ACT

57. Plaintiff incorporates paragraph numbers thirteen through forty-two as though fully stated herein.

58. Defendant, **LIBERTY,** is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151.

**LIBERTY's** conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. Tex. Ins.

(1) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

59. Defendant, **LIBERTY**, misrepresented the insurance policy to the Plaintiff and is in violation of Tex. Ins. Code Sec. 541.061 et seq.

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; or

(5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

60. Defendant, **LIBERTY's**, unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III - NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

61. Plaintiff incorporates paragraph numbers thirteen through forty-two as though fully stated herein.

62. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

63. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Defendant took advantage of Plaintiff's lack of Knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

## COUNT IV - BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

64. Plaintiff incorporates paragraph numbers thirteen through forty-two as though fully stated herein.

65. Defendant, **LIBERTY's**, conduct, as specifically described in Section G and in paragraph numbers thirteen through forty-two above, constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to the insurance contract.

66. Defendant, **LIBERTY's**, conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

67. Defendant, **LIBERTY's**, failure as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

I. **CAUSES OF ACTION AGAINST DEFENDANT, HERISHEN - COUNT IX - UNFAIR SETTLEMENT PRACTICES**

68. Plaintiff incorporates paragraph numbers thirteen through forty-two as though fully stated herein.

69. Defendant, **HERISHEN** (hereinafter, referred to as Defendant), is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151.

70. Defendant, **HERISHEN**, is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of **LIBERTY**.

71. Defendant, **HERISHEN**, is required to comply with Tex. Ins. Code Sections 541.151, and is defined by the code as a "person". Under Tex. Ins. Code Sections 541.002(2), "Person" is defined as any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Liberty plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker.

### J.     KNOWLEDGE AND INTENT

72. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

### K.     DAMAGES AND PRAYER

73. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complains of Defendants and prays that, be cited to appear and answer and that on a final trial on the merits, Plaintiff recovers from Defendants the following:

74. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

75. For breach of contract by Defendant **LIBERTY and HERISHEN.** Plaintiff is entitled to regain the benefit of its bargain, Plaintiff is entitled to actual

damages, which include the loss of the benefits that should have been paid pursuant to the policy, together with attorney's fees, Pursuant to Tex. Civ. & Rem. Code Sec. 38.01 *et seq*.

76. For noncompliance with the Texas Unfair Competition and Unfair Practices Act by Defendants, **LIBERTY and HERISHEN**, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** its actual damages, Pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

77. For violation of the Texas Deceptive Trade Practices Act by Defendants, **LIBERTY and HERISHEN,** Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3)** times its actual damages, Pursuant to Tex. Ins. Code Ann. Section 17.50(b)(1).

78. For noncompliance with *Texas Prompt Payment of Claims Act* by Defendant, **LIBERTY and HERISHEN,** Plaintiff is entitled to the amount of its claims, as well as **eighteen (18)** percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, Pursuant to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

79. In order to punish Defendants, **LIBERTY and HERISHEN** and to set an example and thereby prevent other policyholders from being treated in this manner,

exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate to accomplish these goals.

80. For violation of the Common Law Duty of Good Faith and Fair Dealing by Defendant, **LIBERTY,** Plaintiff is entitled to actual Damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

### L. JURY DEMAND

81. Plaintiff respectfully demands a **trial by jury**.

### M. REQUEST FOR DISCLOSURE

82. Pursuant to Rule 194, you are requested to disclose, within **fifty (50)** days of service of this request, the information or material requested in Rule 194.2(a)-(l).

Dated: August 28, 2017

          Respectfully submitted,

          **The Merlin Law Group**

By:   */s/ Javier Delgado*
      **Javier Delgado, Esq.**
      Texas State Bar No: **24066339**
      Email: jdelgado@merlinlawgroup.com
      515 Post Oak Blvd., Suite 750
      Houston, Texas 77027
      Telephone: (713) 626-8880
      Facsimile: (713) 626-8881

      **ATTORNEY FOR PLAINTIFF**